SECURITY MUTUAL LIFE INSURANCE COMPANY v. JEFF B. CALVERT.

Decided May 10, 1905.

**Life Insurance—Warranty—Evidence.**

An application for life insurance, made a part of the policy, having warranted the truth of representations therein that the applicant was in good health at the time and had not been treated by a physician for ten years, and the undisputed evidence showing such statements to be untrue, it was error to submit the question of their truth or falsity to the jury.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*Frederick William Jenkins* and *Coke & Coke,* for appellant.—Facts with reference to which there can be no controversy under the evidence should not be submitted to the jury, but should be assumed to be true by the court in its charge. Druse v. Wheeler, 26 Mich., 189; Firemen's Fund Ins. Co. v. McGreevy, 118 Fed. Rep., 419; Western U. Tel. Co. v. Burgess, 60 S. W. Rep., 1023; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Houston & T. C. Ry. Co. v. Harvin, 54 S. W. Rep., 631; International & G. N. Ry. Co. v. Stewart, 57 Texas, 166; Wintz v. Morrison, 17 Texas, 387.

A finding of waiver or estoppel on the part of defendant, growing out of the demand for additions or corrections·to the proofs of death, could not be supported under the evidence, and, therefore, the court erred in submitting such question to the jury. United States Ins. Co. v. Moriarity, 36 S. W. Rep., 943; German Am. Ins. Co. v. Waters, 10 Texas Civ. App., 366; May on Insurance, vol. 2, sec. 506; Robertson v. Metropolitan Ins. Co., 88 N. Y., 541; Bennecke v. Connecticut Mut. Ins. Co., 105 U. S., 359; George Home Ins. Co. v. Rosenfield, 95 Fed. Rep., 367; Home Life Ins. Co. v. Myers, 112 Fed. Rep., 852.

*B. M. McMahan* and *Looney & Clark,* for appellee.—Facts recited in the special charge number 8, as proved "beyond question," were contradicted, and it would have been a palpable error for the court to have given the special charge requested.

The evidence amply supports the issue of waiver, and the court did not err in giving that part of the main charge complained of. Besides, at appellant's request, the very issues now objected to were submitted by special charges numbers 2, 7 and 10, and, if there had been any error in submitting the questions complained of, appellant is in no position to complain.

FISHER, CHIEF JUSTICE.—This is a suit by Calvert against the insurance company on a policy issued on the life of his wife, in which the appellee was named as beneficiary. Verdict and judgment were in appellee's favor. The court, among other things, instructed the jury as follows:

"Second. Unless you find for the defendant under the instructions hereinafter given you, you are instructed to find for the plaintiff in the

sum of $1,211.60, the same being the amount of the policy, together with six percent interest thereon from the date suit was filed, and twelve percent damages on the face of the policy, and, in addition thereto, such reasonable amount as attorney's fees as you may find from the evidence he is entitled to recover for the prosecution of this suit.

"Third. You are charged that, in the application made by Mrs. Sallie Calvert for the policy sued on, she stated that Dr. T. J. Milner, of Greenville, Texas, was then her family physician; that it had been ten years since she had been last attended by a physician or consulted one; that she had never been afflicted with malaria, and had never been afflicted with disorder of the liver; that her menstruation was regular and healthy, and that it had always been so; that she had no knowledge of any disease, organic or functional, of any of her reproductive organs; that she had never had any injury, disease or disorder other than as stated in the several parts of the said application. You are further charged that, in said application, the said deceased Sallie Calvert agreed that the policy applied for should not be in force unless actually delivered to her and accepted by her in her lifetime, and while she was in good health, and unless the first premium due thereon should be actually received by the company.

"Fourth. Therefore, if you find from the evidence that the statements, or either of them, set out in paragraph 3 of this charge, were in any respect untrue, or if you should find from the evidence that said policy was not delivered to and accepted by Mrs. Sallie Calvert, and the premium paid thereon, while she was in good health, then, in either event, you will find for defendant, unless you should find for plaintiff under the instructions hereinafter given you."

The facts submitted in the third subdivision of the charge, as quoted, were pleaded by the appellant as breaches of a warranty contained in the application for insurance, which is made a part of the policy. The facts stated by Mrs. Calvert were warranted to be true. The appellant requested of the court the following charge, which was refused:

"You are instructed that the evidence shows beyond question (1) that Mrs. Calvert was not in good health when the policy sued on was delivered to J. B. Calvert; (2) that her statement that T. J. Milner was her family physician was untrue; (3) that her statement that it had been ten years since she was last attended by a physician, or consulted one, and that she then consulted Dr. O. Smith, for malarial fever, was untrue; (4) that her statement that her menstruation was regular and healthy, and had always been so, was untrue. That any one of these matters rendered the policy unenforceable; and, unless you believe from the evidence that the defendant had waived each and every one of them, then you should find for the defendant."

As above said, the application made by Mrs. Calvert for the policy was, by the terms of the policy, referred to and made a part thereof, and the application itself warrants the truth of the statements and answers made by her, and that such answers and statements were full and complete. It contained the further provision that the policy applied for should not be in force unless actually delivered to and accepted by her during her lifetime, and while in good health, and the first pre-

mium thereon actually received by the company. The application and written statement made by her were signed and executed on the 26th of June, 1902. The evidence shows beyond dispute that she was sick, and not in good health, when the policy was delivered about the 12th of August, 1902; and the testimony shows that she died a few days thereafter. She stated in the application that her medical adviser and family· physician was Dr. T. J. Milner, of Greenville, Texas; she stated that she had not been attended by a physician, or consulted one, for ten years, and she stated that the disease for which she was then treated was malarial fever, and that the physician who treated her was Dr. O. Smith, of Cumby, Texas. She further stated that her menstruation was regular and healthy, and had always been so.

There is evidence which tends to show that this last statement was not true, and there is evidence, also, which tends to show that Dr. Milner was not her family physician; but as to these two answers there might be some question, and the truth or falsity of which it might have been proper for the court to submit to the jury; but the statement she made to the effect that she had not been attended by a physician, or consulted one, within ten years, was not true, and the incorrectness of this statement is established by the undisputed evidence in the record. The evidence is also undisputed that the policy was delivered when she was not in good health.

Dr. Cantrell, whose evidence is not disputed, testified that he knew Mrs. Calvert about four years prior to her death; that he was her medical adviser most of the four years; that he first attended her during the year 1899; her trouble at that time was fever, caused by cold; that he attended her on August 27, 1899, August 31, 1899, and September 1, 1899, at Greenville, Texas, for fever caused by cold, and that Mrs. Calvert consulted him as her physician preceding June 26, 1902; that on October 11, 1899, she consulted him at his office in Greenville, Texas, to be vaccinated, and on October 14, 1900, she consulted him, but the witness does not remember what it was for.

Now, the undisputed evidence of Dr. Cantrell shows that she had been treated by, and consulted a physician, several times less than ten years before the application for the policy was made. In Brock v. The United Moderns (81 S. W. Rep., 342), this court treated a similar statement made by the assured as false, when contradicted by the undisputed evidence of a physician to the contrary, and held that the trial court, upon the evidence of the physician, correctly instructed the jury to return a verdict for the insurance company. The ruling made in the case cited is supported by Flippen v. State Life Insurance Co. (30 Texas Civ. App., 362, 70 S. W. Rep., 787); Fidelity Mut. Life Assn. v. Harris (94 Texas, 25), and other cases cited in the opinion in Brock v. United Moderns.

As said before, there is no dispute whatever as to the fact that Mrs. Calvert was in bad health when the policy was delivered. These two facts being undisputed and conclusively established, the court committed an error in submitting them to the jury as controverted issues in the case, and should have treated the facts as established, and so instructed the jury. The error in this respect is complained of in appellant's first and second assignments of error. Where there is no dis-

pute as to a fact the court should not leave it to be found by the jury. (Western Union Tel. Co. v. Burges, 60 S. W. Rep., 1024.)

We have carefully considered the other questions presented in appellant's remaining assignments of error, and find that they present no reversible error.

The question of waiver was in the case, and the court, in its main charge, in connection with the special charge given at the request of appellant, properly submitted that issue.

For the errors in the charge of the court, as discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*