FIRE ASSOCIATION OF PHILADELPHIA v. LA GRANGE & LOCKHART COMPRESS COMPANY.

Decided April 9, 1908.

**1.—Fire Insurance—Concealment of Material Fact—Agent—Waiver.**

A policy of fire insurance was issued upon a compress; the policy contained a stipulation, in effect, that it should be void if the party insured was not the

owner in fee simple of the property described, and that the insurance company should be subrogated to any right the insured might have against any one for the negligent burning of the property; a part of the property insured was situated upon leased land, and the contract of lease contained a waiver of any liability on the part of the lessor (a railroad company) in case of the negligent burning of the compress; the insurance agent who wrote the policy was a director in the compress company, and knew the above facts. Held, that the knowledge of the agent will be imputed to the insurance company, and that it will be presumed that the stipulations in the policy were waived.

**2.—Same—Knowledge of Agent.**

Ordinarily a principal is not chargeable with notice of such facts as come to the knowledge of his agent whilst engaged in a transaction with which the principal has no concern; but this rule does not apply to an insurance agent who, while acting without the scope of his agency, acquires information materially affecting risks of insurance which he thereafter, with such knowledge present in his mind and fully conscious thereof, accepts in behalf of his principal.

Appeal from the District Court of Fayette County. Tried below before Hon. L. W. Moore.

*Geo. Willrich* and *Crane & Gilbert,* for appellant.—The appellant was not chargeable with the information acquired by Kaulbach while he was acting as agent of the plaintiff company, notwithstanding the fact that he was appellant's local agent. Kauffman v. Robey, 60 Texas, 311; Texas Loan Agency v. Taylor, 88 Texas, 49; Lane v. DeBode, 69 S. W., 437; National Fraternity v. Karnes, 24 Texas Civ. App., 607; Cooper v. Ford, 29 Texas Civ. App., 253; Harrington v. McFarland, 1 Texas Civ. App., 289.

The notice must have been obtained while acting within the scope of his authority. Phenix Ins. Co. v. Willis, 70 Texas, 17.

*Brown & Lane* and *Hutcheson, Campbell & Hutcheson,* for appellee.

McMEANS, ASSOCIATE JUSTICE.—This suit was instituted by the La Grange and Lockhart Compress Company, hereinafter styled Compress Company, as plaintiff, in the District Court of Fayette County, Texas, against The Fire Association of Philadelphia as defendant, hereinafter styled the appellant.

The compress company in its pleading claimed that the appellant, being a corporation and an insurance company, had issued its fire insurance policy on the 17th day of September, 1905, for a valuable consideration, insuring the compress company's property against loss or damage by fire for a period of one year, the policy covering the iron clad compress building with iron clad roof and so much of the platforms as was under such roof, $640; on plaintiff's platforms not covered by said roof, $2000; on plaintiff's compress machinery, boilers, smokestack, drums, heaters, pumps, water tanks and all connections, including the foundations and settings, $9,120; on plaintiff's compress tools, trucks, scales, hose, furniture and fixtures, fuel and supplies, $2,400.

It was further alleged that the property covered by the said policy, was likewise covered by policies issued by the following companies,

to wit: The Hartford Fire Insurance Company; Liverpool & London & Globe Insurance Company; The Continental Insurance Company; Phoenix Insurance Company and the Northern Assurance Company, $2,400 each. All of this insurance was concurrent and was in force at the date when the property was destroyed by fire, which was alleged to be on the 27th day of February, 1906.

It was then alleged that notice was given, etc., to the general agents of appellant and that it was agreed by the said appellant that it would settle the loss for an agreed sum of $11,352.50, and it was agreed by each of the other companies having policies on said property that they would each pay a like proportion of their $2,400 policies. They alleged that each of the other companies did pay and that the plaintiff was induced to settle by reason of the promise of the defendant to pay, but that the defendant never paid said loss or any part thereof.

The appellant answered, substantially, by a general and special demurrer, and a general denial, and especially pleading to the effect that the policy contained a clause which stipulated that if the subject of insurance be a building on ground not owned by the insured in fee simple the policies would be void and that a part of the platforms and sheds which were a part of said building were not on the ground owned by the insured in fee simple, therefore, defendant pleaded that the contract was void.

Defendant further, by cross-bill, made the Missouri, Kansas & Texas Railway Company of Texas a party to said suit, alleging substantially, that if the appellee shall claim that the fire was caused by the act or negligence of any person or corporation, private or municipal, the company shall, on payment of the loss, be subrogated to the extent of such payment, to all right of recovery by the insured and the loss resulting therefrom, and such right shall be assigned to the company by the insured receiving such payment. The appellant asked, in the event judgment be rendered against it in favor of the plaintiff, that a judgment for like amount be rendered against the defendant railway company in favor of appellant.

The Missouri, Kansas & Texas Railway Company of Texas answered by general and special demurrers, and special pleas in which it set up, among other things, that the compress company had, by written release, prior to the issuance of this policy, exempted it from all damage inflicted on the property of said compress company or property stored thereat, in other words, pleaded a release executed by the plaintiff compress company, which, if true, destroyed the appellant's right of subrogation secured to it by the policy issued.

On the 10th day of December, 1906, the demurrers of the defendant Railway Company to the cross-bill of appellant were sustained, the court adding in the order sustaining same that the court is further of the opinion that the Missouri, Kansas & Texas Railway Company of Texas, is not a proper or necessary party to this suit, and that no amendment to correct any of the errors pointed out by special exception can avail over the objection and exception of the said plaintiff. To this ruling of the court in sustaining said demurrer

and holding that the pleading could not be amended, the appellant excepted.

Thereafter, on the 11th day of December, 1906, appellant filed its first amended original answer, which contained a general denial, and a special answer which was, substantially, that a part of the property insured by the policy was on ground not owned by the insured in fee simple, and that according to one of the stipulations in the policy it was therefore void.

It also set up the fact that the policy contained a clause substantially as follows: That if this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, that the company shall, on payment of the loss, be subrogated to the extent of such payment, to all right of recovery of the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured, upon receiving said payment.

It was alleged that the property had been destroyed on the 27th day of February, 1906, by fire and that the defendant claimed that the fire destroying said property, was caused by the negligent act of the Missouri, Kansas & Texas Railway Company of Texas. The acts of negligence constituting the liability of the railway company were alleged substantially as in the cross-bill against the said railway company.

The appellant further pleaded that there was a clause in the policy sued upon substantially that "this entire policy shall be void if the insured has concealed or misrepresented in writing, or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, etc., or if the interest of the insured in the property be not truly stated herein, or in case of any false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after the loss."

It was then alleged that the plaintiff company, before the issuance of this policy, had executed to the defendant railway company, a release, releasing it from all damages that it might inflict on the property of the plaintiff, covered by the said policy of insurance and substantially and effectually destroying all right of action which it might have against said company and therefore and thereby destroying the appellant's right to subrogation, which was alleged to be a valuable right, because it was averred, among other things, that the principal risk against which said policy protected the plaintiff company, was against the negligence of the defendant railway company, and that the right of subrogation was, therefore, a substantial and material right, and valuable to appellant.

It was further averred that the concealment of the said release contract and in failing to disclose the existence of the said contract, constituted a fraud on the part of the plaintiff, touching the matter relating to the insurance and the subject thereof, and rendered the policy void.

It further averred that at the date when it had agreed to settle said policy, it did not know of the existence of this release and had no notice thereof.

The plaintiff filed a supplemental petition in which it denied that there was any valid cause of action against the railway company; it again pleaded the settlement as hereinabove stated, with a great deal of detail. To this the defendant filed a supplemental answer, in which it repeated very much of the allegations in its amended original answer.

The trial resulted in a verdict and judgment for the plaintiff, on the 25th day of April, 1907, for $11,352.50, with interest thereon at the rate of six percent per annum, from April 1, 1906. Appellant's motion for a new trial having been overruled it brings this case before us on appeal.

Appellant by appropriate assignments of error contends that the policy for $12,000 issued by it is void, because at the time of its issuance it had no knowledge or notice that a part of the insured property was on ground not owned by the compress company in fee simple, nor of the existence of the contract between the compress company and the railway company absolving the latter from liability in case of the destruction by fire of the property insured as a result of the negligence of the railway company, whereby its right of subrogation was destroyed, and that the agreement to settle the loss for $11,352.50 was likewise void, because it had no such notice at the time it agreed to make the settlement.

The right of subrogation was a valuable right and material to the risk, and it may be that if the insurance company had no knowledge of the existence of the contract between the compress company and the railway company relieving the latter of liability for negligently causing the destruction of the subject of insurance, and thereby defeating the right of subrogation preserved by the insurance company in its contract of insurance, the policy was voidable; and if so, then the agreement to settle the loss may have also been voidable, unless at the time of or before such settlement the insurance company had acquired such information. The whole case, then, largely depends upon whether at the time of the issuance of the policy the insurance company was chargeable with knowledge of the existence of said contract between the compress company and the railway company, leasing from the latter the ground upon which a part of the insured property was situated, and releasing the railway company from liability. The evidence introduced at the trial, we think, compels the following findings of fact:

The compress plant was constructed in 1893 upon land owned by it with the exception of a small portion of its platform, which was built upon land owned by the Missouri, Kansas & Texas Railway Company of Texas, the use of which for the term of five years was acquired by the compress company under a contract with the railway company, by the terms of which the latter was relieved from all liability in the event the property of the compress company should be destroyed by fire through the negligence of the railway company, and in 1898 a renewal contract of lease of the property was executed in lieu of the contract of 1893, into which was carried the exemption of the railway company as contained in the first contract, and this contract was subsisting at the time of the destruction of the

plant on February 27, 1906. After the construction of the plant in 1893, one Kaulbach, who was then, and has continuously since then been, the agent of the insurance company, upon verbal application of the compress company issued a policy of insurance, insuring the compress property against loss by fire for the period of one year from its date and upon the expiration of that policy issued another to cover a like period of time, and so on from year to year up to the issuance of the policy which was in force at the time of the fire which destroyed the property insured. During all, or a portion of, this time Kaulbach was a director of the compress company and while acting as such director he acquired knowledge of the contract exempting the railway company from liability, and of the fact that a part of the plant was upon leased ground, and at the times he issued the various policies of insurance, and especially at the time he issued the policy which was in force at the time of the fire, he knew and was conscious of said contract of exemption and of the lease from the railway company of a part of the land occupied by the compress.

Appellant, to escape the effect of the knowledge of its agent Kaulbach, insists that as his knowledge was acquired while acting as director of the compress company and not while acting in the scope of his agency or while in the discharge of any duty owing to his principal, his knowledge was not such as to be binding upon the insurance company, and has cited several cases in support of this contention.

It seems to be a generally well recognized principle that the principal is not chargeable with notice of such facts as come to the knowledge of his agent whilst engaged in a transaction with which the principal has no concern. One of the reasons upon which the rule rests is that when the agent is under obligations to communicate his knowledge to his employer, the latter is bound, because if the agent has done his duty he has imparted the information; and if he has not, the party who trusted him is the one to suffer for his neglect. Another reason given for the rule is that facts learned in one transaction by a party are not presumed to be present in his mind when engaged in a totally different transaction. The law does not presume that what is once known will always be present in the memory. Kauffman v. Robey, 60 Texas, 311. But we have been cited to no case, and we have been unable to find one, which holds that where an agent of an insurance company has, while acting without the scope of his agency, acquired information materially affecting risks undertaken in contracts of insurance, thereafter executes a policy of insurance with such knowledge present in his mind and fully conscious thereof, his principal will not be chargeable therewith and bound thereby. But it is sufficient that at the time of the issuance of the policy the agent knew, no matter from what source his information was derived, that the condition was inconsistent with the facts. Here we are presented with a state of facts showing that appellant in executing the policy reserved the right of subrogation of any claim for damages of the insured against any one whom the in-

surer might claim was responsible for the loss, knowing when it did so that the insured had waived any claim it might have against the railway company in case the latter should be responsible for the loss.

In Liverpool & L. Ins. Co. v. Ende, (65 Texas, 128), our Supreme Court, speaking through Judge Stayton, says: "To deliver a policy with full knowledge of the facts upon which its validity may be disputed, and then to insist upon these facts upon grounds of avoidance is to attempt a fraud. This the courts will neither aid nor presume, and when the alternative is to find this or find that, in accordance with honesty and fair dealing, there was an intent to waive the known ground of avoidance, they will choose the latter. Such an issue is tantamount to an assertion that the policy is valid at the time of delivery and is a waiver of the known ground of invalidity," citing May on Insurance, sec. 497. In support of the same proposition Judge Stayton quotes as follows: "The insurer is estopped from setting up the breach of any condition of the policy when at the time of its issue it knew that the condition was inconsistent with the facts, and the assured had been guilty of no fraud. . . ."

Wagner v. Westchester F. Ins. Co., 92 Texas, 555, was a case in which the insurance company sought to avoid liability on its policy of insurance because the interest of the plaintiffs in the property insured was not truly stated in the policy. It was shown by the evidence that the agent of the insurance company knew when he issued the policy that the insured were not the sole owners of the property and that the policy did not truly state their interest in it. Judge Brown, in delivering the opinion of the court, after quoting from the opinion in Insurance Company v. Ende, says: "We therefore hold that when Tobin (the agent) issued the policy in the name of Wagner & Chabot, with a knowledge of the ownership and title of the property insured, he, for the company, waived the provision relied upon which would avoid the contract, because those provisions are entirely inconsistent with an honest intention on the part of the insurance company to make a valid contract. After such a contract has been executed and delivered by an agent, with the ample powers which were conferred upon Tobin, the premium received and appropriated by the company, and after the assured, in reliance upon the validity of the contract, has suffered a loss without fault on his part, the courts will not hear the insurance company say that it knowingly made and delivered to the assured what it knew at the time to be an invalid policy, and that therefore it is not liable for the loss sustained."

Continental Ins. Co. v. Cummings, 98 Texas, 115, was also a case in which the insurance company sought to escape liability on the ground that the title of the property insured was not truly stated in the policy, and our Supreme Court reiterating the doctrine laid down in the cases before cited, held that it was admissible to show knowledge on the part of the agent, at the time of the issuance of the policy, of the true state of the ownership by proof of general reputation. See same case in 16 Texas Ct. Rep., 280, opinion by Associate Justice Reese.

In the present case it was shown by the testimony of the agent, Kaulbach, that he knew of the contract of exemption of the railway company from liability, and of the fact that a part of the property insured was on leased ground and that at the time of the issuance of the policy in force at the time of the fire. He testified: "I knew that the property was leased in the same way and occupied in the same way." This testimony was undisputed. Therefore the insurance company must be held to have known the facts at the time it issued the policy and made the settlement sued on.

As no other verdict and judgment could have been rendered under the undisputed facts than one in favor of appellee, any error that may have been committed by the trial court in its charge in chief, or the giving or refusing of special charges, or in sustaining exceptions to appellant's cross-bill bringing the railway company into the case as party defendant, are immaterial and harmless. The judgment of the court below is affirmed.     •

*Affirmed.*

Writ of error refused.