**MASSACHUSETTS BONDING & INS. CO. v. VOLLMER. (No. 6858.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1923.)

Insurance ☞379(4)—Inadvertence of agent taking application held not to avoid policy.

Where agent who knew all the facts as to applicant's health, in making out the application, which applicant signed without verifying its correctness, inadvertently, but in good faith, put down the date when applicant had an attack of influenza as 1917, instead of 1918, the correct date, and omitted mention of surgical operation following and necessitated by the influenza attack, the policy was not void because of misrepresentations, under Rev. St. art. 4741, subd. 4, and article 4947; insured being a well man when the policy was delivered.

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Action by Joe E. Vollmer against the Massachusetts Bonding & Insurance Company. From judgment for plaintiff, defendant appeals. Affirmed.

E. P. Scott, of Corpus Christi, for appellant.

James A. King, of Austin, and E. H. Crenshaw, Jr., of Kingsville, for appellee.

COBBS, J. Appellee brought this suit against appellant to recover on an insurance policy it issued to appellee on the 13th day of September, 1920, whereby, in consideration of appellee's agreement to pay in installments amounting to $71.40, it contracted to pay appellee a monthly illness indemnity of $100, provided that disability resulted to appellee by illness which was contracted and begun during the life of said policy and after it had been maintained in continuous force for 15 days from the date of the contract; and to pay appellee $100 per month for 12 consecutive months provided appellee was wholly and continuously disabled by illness from performing the duties of his occupation. On September 13, 1921, appellant, in consideration of the payment of $71.40 paid in monthly installments, made a written agreement that the policy before mentioned issued by appellant to appellee should continue in full force and effect. While the policy was in full force, appellee became violently sick and dangerously ill, and on May 2, 1922, filed this suit to recover thereon, alleging the illness had continued without intermission or abatement to the time of the filing of the suit, and charged that it would continue for some time to come and its exact duration could not be stated. Appellee sought to recover therefore the $100 for every month as sick benefit with penalties and attorney's fees as provided in the contract of insurance.

The case was tried by a jury, who found as follows:

"We, the jury, find in favor of the plaintiff the following, $575.00 for the plaintiff, 12 per cent. for penalty, $300.00 for attorney fees, total $944.00"—for which amount the judgment was entered.

The defense was based upon the ground that the policy was procured by false statements in warranties, a part of the policy, and for that reason the policy was void, and the court erred in not instructing a verdict for appellant.

In the application for the policy, the appellee made the following signed statement:

"11. (a) My habits of life are correct and temperate. * * * (e) I have not had any medical or surgical treatment during the past five years, except as follows: Flu January and February, 1917.

"12. I am free from all injury, am not subject to, do not now have, nor have I ever had fits of any kind, vertigo, paresis or rheumatism, nor any other disease or infirmity, mental, physical, nervous, venereal, chronic or inherited, except as follows: No exceptions. I understand and agree, that I have made the foregoing statements as representations to induce the issue of the policy and to that end I agree that if any one or more of them be false all right to recovery under said policy shall be forfeited to the company if such false statement was made with actual intent to deceive or if it materially affects either the acceptance of the risk or the hazard assumed by the company; that the agents or solicitors of the company are not authorized to extend credit or waive or modify any of the terms or conditions hereof; and that the policy hereby applied for shall be dated and become effective, subject to all of its terms and conditions on the 13th day of September, 1920. Dated at Kingsville, state of Texas, this 13th day of September, 1920. J. E. Vollmer, Signature of applicant."

As to the manner the policy was written and made by the appellant's agent, the appellee testified:

"As to how that transaction started, he came to me and asked me did I want to join the insurance company, and I told him yes, and I told him, I says, 'Before I belong to the insurance, I ought to be examined by a doctor,' and he says, 'No, these insurance people have no doctor,' and so I told him all right. So I told him I had the 'flu' and I was operated on."

On cross-examination he testified:

"I said Mr. Knight took my application for that policy. He made out the written application for the policy, and I signed it. That is my signature to the application shown me. I answered every question he told me to fill out, and that 'flu' was the only mistake. I think I told him 1918, and he put it down 1917—that is where he made a mistake. I told him I taken the 'flu' in 1918, and I was operated on at the time I made this application. I told him I had the 'flu' followed by pneumonia and that

it was followed by a surgical operation to let pus out of my pleural cavity. I told him that was started from the 'flu.' * * * I just signed the statement like he (Mr. Knight) made it out and didn't look over it to see what there was in it or whether it was correct or not."

The witness John T. Knight testified that in September, 1920, he was an agent of the Massachusetts Bonding & Insurance Company and took the application of appellee for accident and health insurance. In reference to the answer to the eleventh question, which, as written in the application, was "Flu January and February, 1917," the witness testified that he believed that he had made a mistake, a clerical error; that he should have put down 1918; that he was living in Kingsville in 1917; and that there was no influenza in this country during the year 1917. He further testified that he did not remember whether Mr. Vollmer read through all of this application, but did not think he did; that when he finished writing the answers in the blanks he just had Mr. Vollmer to sign it. He further testified that he knew Vollmer in 1918 and 1919 and knew when he was sick out at the hospital, knew in a general way that he was very sick, and that he had present in his mind the knowledge of Vollmer's former illness when he was making up Vollmer's application for insurance. The witness further testified:

"I remember that I had a conversation with Vollmer some days prior to signing this application, and I remember in that conversation he told me pretty much in detail the sickness that he had had, and that he was operated—we talked about that, and we were at that time talking about his taking some insurance."

The testimony further showed that appellee entirely recovered from that former "flu" or illness, and from June, 1919, he seemed better than ever before, fattened, and was able to work continuously.

The facts indicate that the agent approached appellee and asked only such questions as he thought material and wrote the answers down himself, and inadvertently stated the year incorrectly in which appellee had stated he had been ill, as he was in a hurry at the time.

It is uncontradicted that appellee had fully recovered from his former illness, and for more than two years had enjoyed better health than at any time in his life, and was in good health at the time the application was made and the policy was issued.

We do not think, under the facts of this case, there is any fraud or collusion between the agent and the assured or anything done to disqualify him as appellant's agent. If anything, it shows that he was acting in good faith to appellant to secure business.

Evidently, when he took this insurance he believed it to be a good risk, though he was in possession of all the facts, now claimed to avoid the policy. But C. E. Saunders testified:

"I ar now, and was on September 13, 1920, superintendent of the Western Department of the Massachusetts Bonding & Insurance Company, and in that capacity I passed upon the application of Joe E. Vollmer for health and accident insurance and approved such application and caused the policy sued upon in this case to be issued. I believed and relied upon the statement made in said application, to the effect that Vollmer had suffered from no disease in the preceding five years except the 'flu' in 1917. If I had been informed that Vollmer had influenza and pneumonia in 1918 and 1919, and a case of empyemia as a result or incident of such sickness, I would not have approved the policy."

It has been well settled that false statements in applications material to the risk invalidate the policy, and especially so is it true if the party is sick on account of such ailment at the time the policy is delivered. Fidelity Mutual Life Insurance Co. v. W. T. Harris et al., 94 Tex. 25, 57 S. W. 635, 86 Am. St. Rep. 813; Security Mutual Life Insurance Co. v. Calvert, 39 Tex. Civ. App. 384, 87 S. W. 889; Ash v. Fidelity Mutual Life Insurance Co., 26 Tex. Civ. App. 505, 63 S. W. 944; Flippen v. State Life Insurance Co., 30 Tex. Civ. App. 362, 70 S. W. 787.

The agent who knew all the facts, not the insured, made the mistake in writing the year 1917, instead of, as the appellee told him, not denied, was 1918. Both were acting in good faith. Saunders, the superintendent, says if the application had stated the "flu" to have been in 1918, instead of 1917, he would not have passed the policy. The proof showed when the policy was delivered appellee was a well man. The agent who took the policy knew all the facts, and, as the jury have found in favor of appellee on the facts, we cannot believe the inadvertence on the part of the agent, and in the absence of fraud, can be taken advantage of to avoid the policy. Home Ins. & Banking Co. of Texas v. Lewis, 48 Tex. 622; American Nat. Ins. Co. v. Anderson (Tex. Civ. App.) 179 S. W. 66; Fire Ass'n v. Compress Co., 50 Tex. Civ. App. 172, 109 S. W. 1134; Revised Civil Statutes, art. 4741, subd. 4; Revised Civil Statutes, art. 4947; Guaranty Life Ins. Co. v. Evert (Tex. Civ. App.) 178 S. W. 643.

We cannot say that this appeal is prosecuted for delay and not in good faith, so decline to assess penalties.

Finding no error committed in the trial of this case, the judgment is affirmed.