## MECCA FIRE INS. CO. OF WACO v. STRICKER.

(Court of Civil Appeals of Texas. Feb. 15, 1911. Rehearing Denied April 19, 1911.)

1. APPEAL AND ERROR (§ 917*) — PRESUMPTIONS—WAIVER OF OBJECTIONS.

The appellate record not showing that exceptions taken to the petition were ruled upon or called to the trial court's attention, it will be presumed that they were waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3707; Dec. Dig. § 917.*]

2. INSURANCE (§ 658*)—FIRE INSURANCE—ACTIONS—ADMISSION OF EVIDENCE.

In an action on a fire policy, it was error to admit in evidence a list of the insured property attached to the petition.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1694; Dec. Dig. § 658.*]

3. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE — UNCONTROVERTED FACTS.

Error in admitting in evidence in an action on a fire policy a list of the insured property attached to the petition was not reversible where the undisputed evidence showed that such list was a correct list of the property covered by the policy and destroyed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

4. INSURANCE (§ 283*)—FIRE INSURANCE—MATERIAL MISREPRESENTATIONS—APPLICABILITY OF STATUTES.

Laws 1903, c. 69, amending Rev. St. 1895, tit. 58, by adding thereto chapter 5, art. 3096aa, provides that any provision in an insurance policy providing that the answers or statements in the application or contract, if false, shall make the policy void, shall not constitute a defense in an action on the contract, unless it be shown at trial that the matter misrepresented was material to the risk or actually contributed to the event on which the policy became due. Article 3096bb provides that no defense based upon misrepresentation in the application shall be valid unless the defendant show at trial that within a reasonable time after discovering the falsity of such misrepresentations it notified assured that it refused to be bound by the policy. Held, that the statute applied to covenants of warranty as well as to statements in the application not made warranties by the contract, and a stipulation in the policy relating to liens on the property which was equivalent to a representation that no liens existed, as well as a stipulation guaranteeing that the building had brick chimneys and flues throughout, were representations in the contract of insurance within the statute, so that a misrepresentation with reference thereto could not be set up as a defense without showing that it was material.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 636–651; Dec. Dig. § 283.*]

5. INSURANCE (§ 283*)—MISREPRESENTATIONS—REMEDIAL STATUTES.

The statute is remedial within the rule that in construing remedial statutes the courts will look to the evil to be remedied and construe it liberally to accomplish the legislative purpose.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 283.*]

6. INSURANCE (§ 283*)—MISREPRESENTATIONS—STATUTES—CONSTRUCTION AGAINST FORFEITURES.

The statute should also be liberally construed because it was enacted to prevent forfeitures for immaterial matters; the law not favoring forfeitures.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 283.*]

Appeal from McClennan County Court; Tom L. McCullough, Judge.

Action by W. W. Stricker against the Mecca Fire Insurance Company of Waco, Tex. From a judgment for plaintiff, defendant appeals. Affirmed.

W. L. Eason, for appellant. D. A. Kelley, for appellee.

KEY, C. J. Appellee brought this suit against appellant upon a fire insurance policy covering certain household furniture, wearing apparel, etc. The defendant answered by general demurrer, special exceptions, general denial, and a special plea alleging that the plaintiff caused or was responsible for the fire which destroyed the property, and also pleaded certain warranty stipulations in the policy, one relating to flues and the other relating to liens and alleged a breach of both stipulations. The plaintiff filed an amended original petition upon which the case went to trial, and in which he did not deny the existence of the chattel mortgage on part of the property, as alleged by the defendant, but admitted the existence thereof, and alleged that, at the time the defendant issued the policy, it had knowledge of the existence of the lien. He also filed a trial amendment, alleging that the defendant had waived the stipulation in the policy relating to flues. There was a jury trial, which resulted in a verdict and judgment for the plaintiff, and the defendant has appealed. The jury found that the plaintiff was not to blame for the fire and the evidence sustains that finding.

[1] There are some assignments of error which relate to the supposed action of the trial court in overruling exceptions to the

plaintiff's petition, but the record fails to show that such rulings were made. It not appearing that the exceptions referred to were ruled upon or called to the attention of the court, it must be presumed that they were waived.

[2, 3] Error is assigned upon the action of the court in permitting appellee, over appellant's objection, to read to the jury as evidence a list of the insured property attached to the petition. The document referred to was not admissible as testimony, but as the undisputed evidence given by appellee and his wife shows that it was a correct list of the property covered by the policy and destroyed by the fire, and as there was no testimony to the contrary, the error referred to was rendered harmless, and does not require a reversal of the case. The policy contained the following stipulations: "In consideration of the reduced rate at which this policy is issued, it is warranted by the assured that the building described in this policy is provided throughout with brick or stone chimneys, built from the ground, and that there is no flue constructed of other material than brick or stone, and none which is built on joists or brackets, or which has not its foundation upon the ground; and it is further warranted that no chimney or flue shall be erected during the term of this policy of other material than brick or stone, built from the ground. If this warranty is broken in any particular, this policy shall be null and void. * * * This policy shall be entirely void (in toto as to every part and parcel, subject and division thereof) if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy * * * or if the interest of the insured be other than unconditional and sole ownership; * * * or if the subject of insurance or any part thereof be personal property and the same or any part thereof be or become incumbered by a chattel mortgage."

[4] The Twenty-Eighth Legislature enacted a law, the purpose of which was to regulate contracts of insurance by providing that no insurance contract shall be held void because of immaterial misrepresentations made in the application for or in the contract of insurance. The provisions of that act applicable to this case read as follows:

"Art. 3096aa. That any provision in any contract or policy of insurance issued or contracted for in this state, which provides that the answers or statements made in the application for such contract, or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or ac-

tually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case, shall be a question of fact to be determined by the court or jury trying such case.

"Art. 3096bb. That in all suits brought upon insurance contracts or policies hereafter issued or contracted for in this state, no defense based upon misrepresentations made in the applications for, or in obtaining or securing the said contract, shall be valid unless the defendant shall show on the trial that within a reasonable time after discovering the falsity of the misrepresentations so · made, it gave notice to the assured, if living, or, if dead, to the owners or beneficiaries of said contract, that it refused to be bound by the contract or policy; provided that ninety days shall be a reasonable time; provided also that this article shall not be construed as to render available as a defense any immaterial misrepresentation, nor in any wise modify or affect article 3096aa." Laws 1903, p. 94.

If the statute quoted has application to this case, the judgment should be affirmed, because appellant did not plead that the stipulation in reference to flues and liens was material to the risk or contributed to the loss. Counsel for appellant contend that the statute is not applicable, and in support of that contention cite Insurance Co. v. Weeks, 118 S. W. 1087, in which case the Supreme Court refused to grant a writ of error; also, Gross v. Colonial Ins. Co., 121 S. W. 517; Insurance Co. v. Wright, 125 S. W. 365; Home Ins. Co. v. Rogers, 128 S. W. 628; National Ins. Co. v. Caraway, 130 S. W. 458. In nearly all the cases cited, and especially the one which was passed on by the Supreme Court, the provision of the contract under consideration was the "iron-safe" clause, which is neither a representation nor a statement concerning past or present matters, but is a promissory warranty. In such clauses the assured does not represent or state that he has kept or is keeping a set of books, etc., but he enters into an executory contract by which he obligates himself to do so in the future. Obviously, such a stipulation is not within the purview of the statute. None of the other cases cited are entirely analogous to this case, and, if they were, we would not feel compelled to follow them, as they were not rendered by a tribunal of any higher authority than this court. But it is contended on behalf of appellant that it was not the intention of the Legislature that the statute referred to should apply to and cover covenants of warranty, but that it should apply only to such answers or statements made by the assured in his application or in the contract as were not by the terms of the contract made warranties. That contention is not believed to be sound.

The statute in question is remedial legislation, and shows upon its face that it was enacted for the purpose of remedying what the Legislature must have deemed an evil. It is a matter of common knowledge that for many years prior to the enactment of the statute insurance companies, as a general rule, embodied in the policies which they issued stipulations making many things warranties which, when the policy was sought to be enforced, appeared to be immaterial. Such stipulations were always embodied in the printed forms of contract furnished and used by the insurance companies. It was that supposed evil that the legislation under consideration was intended to remedy.

[5] The rule is universal that in construing a remedial statute courts will consider the evil intended to be remedied, and give to the language of the statute a liberal construction in order to accomplish the legislative purpose.

[6] Other reasons exist for a liberal construction of this statute, and these are (1) a legislative declaration contained in section 3 of the final title of the Revised Statutes of 1895, to the effect that legislation in this state should be construed liberally in order to accomplish the legislative purpose; and (2) the law does not favor forfeitures, and the legislation under consideration was enacted for the purpose of preventing forfeitures on account of immaterial matters. Keeping in view these rules of construction, we are of opinion that the stipulation in the policy under consideration, in reference to liens, is equivalent to a representation or statement on the part of the assured that no liens then existed on any of the property covered by the policy, and therefore that stipulation comes within the terms of the statute.

We are also of the opinion that the stipulation in the policy guaranteeing that the building in which the property was situated "is provided throughout with brick or stone chimneys, built from the ground, and that there is no flue constructed of other material than brick or stone, and none which is built on joists or brackets, or which has not its foundation upon the ground," is a statement or representation in the contract of insurance within the purview of the statute. The other stipulation in reference to flues is a promissory warranty, but no breach of that stipulation was alleged or proved. In fact, it was not shown that any flues had been constructed in the building after the issuance of the policy; and it was shown that the flues were not in use at the time of the fire. Hence we conclude that no reversible error was committed by the trial court in reference to the defenses founded upon the warranties referred to. In fact, as the pleadings and testimony stood, it would have been proper for the trial court to have withdrawn those questions from the jury. Therefore the assignments relating to those defenses are overruled.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.