**NATIONAL FIRE INS. CO. OF HARTFORD v. CARTER et al. (No. 463–3297.)**

(Commission of Appeals of Texas, Section A. Jan. 23, 1924.)

**1. Insurance ⊕⇒282(1) — Statute held inapplicable to proviso in fire policy relating to ownership.**

Rev. St. 1911, art. 4947, providing that false statements in contracts of insurance will not constitute a defense unless material, *held* inapplicable to a provision in a fire policy that it would be void if the insured was not the sole, unconditional owner.

**2. Insurance ⊕⇒378(1) — Insurer held estopped by knowledge of agent that insured was not owner of property insured.**

Where an insurance agent at the time of issuing or renewing a policy knew and had in mind the fact that insured was not the owner, but only a mortgagee of the insured property, the company was estopped to deny that it waived a provision in the policy that the policy would be void if insured was not the unconditional owner.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by W. T. Carter and others against the National Fire Insurance Company of Hartford. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (199 S. W. 507), and defendant brings error. Affirmed.

Locke & Locke, of Dallas, for plaintiff in error.

Nelms & Platt, of Groveton, and Dean, Humphrey & Powell, of Huntsville, for defendants in error.

BLANKS, J. A more detailed statement of the nature and result of this suit will be found in the report of the decision of it by the Court of Civil Appeals of Galveston, 199 S. W. 507, but for the purpose of this opinion it is sufficient to say that the plaintiff in error, National Fire Insurance Company of Hartford, through its agent, W. A. Bell, at Trinity, Tex., wrote and delivered its fire insurance policy payable to Carter & Bro., the defendants in error, in the sum of $5,500 covering a certain store building therein described at Trinity. At the time the policy was written the legal title to the property stood in one Clegg, and the interest of Carter & Bro. was that of lienholders. No application was made for the policy, and no statements or representation of any kind were made either by Clegg or Carter & Bro., at the time the policy was issued or at any time thereafter, preceding a fire which occurred and destroyed the building some two months after the issuance of the policy, and during this time there had been no change in the status of ownership of the property.

That the agent who wrote the policy knew the relation of Clegg and Carter & Bro. to the title at the time the policy was issued is an affirmative finding of the Court of Civil Appeals.

[1] Declining to pay the policy, suit was instituted against the company, which in reliance upon and pleading the following clause in the contract:

"This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple,"

—further pleaded the facts of ownership above stated. Defendants in error, replying that the status of ownership was not material to the risk, invoked the provisions of article 4947, Rev. Stat., reading as follows:

"Any provision in any contract or policy of insurance issued or contracted for in this state, which provides that the answers or statements made in the application for such contract, or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case."

And, further replied by setting up the knowledge possessed by the agent at the time the policy was issued of the actual condition of title to the building and lot at such time, and pleaded on such account a waiver of the policy provision by the insurance company and estoppel to assert it in avoidance of liability.

The trial court rendered judgment against the insurance company for the amount of the policy, and the Court of Civil Appeals affirmed that judgment, holding article 4947 applicable, and adhered in its opinion to the reasoning of the Austin Court of Civil Appeals in the case of Mecca Fire Insurance Co. v. Stricker, 136 S. W. 599, and also holding with the insured on the question of waiver and estoppel. A writ of error was granted by the Supreme Court on account of apparent conflict of opinion with that of the Fort Worth Court of Civil Appeals, construing the same statute in the case of Insurance Co. v. Wright, 58 Tex. Civ. App. 237, 125 S. W. 365. The differences of opinion in the cases of Hartford Fire Ins. Co. v. Wright, 58 Tex. Civ. App. 237, 125 S. W. 363, and the decision of the Court of Civil Appeals in the instant case, following those of the Austin Court of Civil Appeals in the cases of

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Insurance Co. v. Wade, 59 Tex. Civ. App. 631, 127 S. W. 1186, and Mecca Fire Insurance Co. v. Stricker, supra, arise from whether or not a construction of the language of the act should be broad enough to include as a "thing misrepresented * * * material to the risk," or "actually contributing to the contingency or event" maturing the policy, "not only statements made in the application for such contract," but as well conditions amounting to contractual warranties, stated in the policy and necessary to be complied with, or to exist, to make the contract effectual or binding on the insurer from the inception of the risk.

The particular language employed in the enactment is not entirely clear, but the phraseology "unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk, or actually contributed to the contingency or event on which said policy became due or payable," evidently shows the controlling purpose of the enactment to have been the prevention of the avoidance by insurers of their contracts by unrestricted reliance, without respect to their materiality, upon the very thing stated, viz. misrepresentations. In the instant case there was no application made for the insurance. Neither Clegg, the real owner of the property, nor Carter & Bro., the lienholders represented or misrepresented anything by any statement or application; none were made. Nor is there any statement in the policy of ownership, either "false or true," or that the insured had made any representation of facts, false or true. It would be an obviously unwarranted extension of the act to say that the condition of the policy quoted implies a representation or statement by Carter & Bro. that they were the sole owners, as has been frequently decided. Wright v. Federal Life Ins. Co. (Tex. Com. App.) 248 S. W. 327, and authorities there cited. The provision in the policy above quoted has no relation to any "answer or statement," but is, as has been frequently adjudged, a contractual warranty on the part of the insured.

Generally speaking, a fire insurance company must consider in executing its policies on a building as the two prime features, the physical and the moral hazard, and necessarily involved is the question of ownership of the property. It might be an acceptable risk if A. owned it, and wholly undesirable if B. owned it, or had any interest in it, and the great weight of authority is that the question of ownership is manifestly material to the risk. To hold otherwise would be to make a purely personal contract, such as a fire insurance policy is, a contract in rem, substantially available to the holder without respect to his identity, a thing it cannot be assumed the Legislature intended.

Since the writ of error was granted in this case, there have been several decisions of the Commission of Appeals, notably, McPherson v. Camden Fire Ins. Co., 222 S. W. 211; Providence-Washington Ins. Co. v. Levy & Rosen, 222 S. W. 216; Ætna Ins. Co. v. Waco Co., 222 S. W. 217; Boatner v. Providence-Washington Ins. Co., 241 S. W. 136, and the decision of the Supreme Court itself in Philadelphia Underwriters' Agency v. Driggers, 238 S. W. 633, materially modifying in principle the holdings of the Austin Court of Civil Appeals in the Wade and Stricker Cases.

While it is true the foregoing decisions involved a construction of article 4874a (Vernon's Sayles' Ann. Civ. St. 1914), and had relation to insurance on personal property, the reasoning of those cases, and particularly, the Boatner Case, supra, holding that the policy warranties there under consideration were not within the purview of article 4874a, and that such warranties there in question were material to the risk as a matter of law, would be equally cogent here.

[2] But the theory upon which rests all the decisions avoiding such contracts, because, whereas the policy was issued to A., as a matter of fact the property belonged to B., is at last that the insurer did not know at the time the policy was issued of B.'s interest or ownership, and actually issued the contract on the assumption that A. was the owner. For, notwithstanding the policy is issued to A., if the company, knowing that B. is the real owner at the time it is written, accepts the premium and delivers its contract, it will be held to have waived the apparent contractual warranty that A. was the owner, because in such case the warranty is only apparent and not real. The law looks always to the substance and not to the shadow.

Here the Court of Civil Appeals finds that, notwithstanding the policy was payable on its face to Carter & Bro., the agent knew at the time he issued it the real status of ownership, and there was no change in title between the time the policy was issued and the occurrence of the fire. This court is bound by that conclusion, and it is no effectual answer to this to say that such knowledge of the agent was acquired outside of the scope of his agency, and is not binding on the principal. The exact test is: Did the agent at the time he issued the policy know and have present in his mind the actual status of ownership? This principle is succinctly stated, and fortified by unquestioned authority in 21 R. C. L. as follows:

"But the true criterion is whether the information was present in the agent's memory, and the weight of authority holds in accordance therewith that if the agent in fact recollected the matter in controversy his principal will be deemed bound thereby, although the knowledge came to him before the commencement of the agency." Harrington v. U. S. and Boyden v.

U. S., 11 Wall. 356–369, 20 L. Ed. 167; Continental Ins. Co. v. Cummings, 98 Tex. 115, 81 S. W. 705; Fire Ass'n of Phila. v. La Grange et al., 50 Tex. Civ. App. 172, 109 S. W. 1134 (writ of error denied).

While holding, as here indicated, that article 4947 has no application to the contractual warranty in the policy here under consideration, we are of the opinion that no other conclusion, under the findings of fact by the Court of Civil Appeals, than the one that the provision was waived, and the plaintiff in error estopped to assert it here, could be reached, and we therefore recommend that the judgment be affirmed.

GERMAN, P. J., not sitting.

PER CURIAM. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.