### GERMAN ALLIANCE INS. CO. v. FORT WORTH GRAIN & ELEVATOR CO.
### (No. 614–4114.)

(Commission of Appeals of Texas, Section A. March 11, 1925.)

**I. Insurance ⬚⟿377(1) — Insured claiming waiver must show insurer knew facts entitling it to forfeiture.**

Insured must show that insurer knew the facts which would entitle it to insist on forfeiture before they may claim that its right to so insist was waived by its conduct.

**2. Insurance ⬚⟿394—Waiver of forfeiture as to known ground no waiver as to unknown grounds.**

Insurer neither waives, nor is estopped from asserting, grounds of forfeiture of which it was ignorant, by an assurance of intent to pay estopping it as to known grounds of forfeiture.

**3. Insurance ⬚⟿646(5)—Duty and knowledge of adjuster held to raise no presumption of further knowledge.**

That it was insurance adjuster's duty to ascertain whether there had been any violations of the policy, together with his knowledge of violations in two instances, raised no presumption that he was aware of other instances.

**4. Insurance ⬚⟿646(5)—No. presumption of adjuster's knowledge of violations of policy from his not testifying to ignorance.**

No presumption that insurance adjuster was aware of violations of the policy, other than those that he waived, arises from there being nothing in his testimony suggesting that he was ignorant of any fact connected with violations of the policy.

---

⬚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Insurance ⚙═335(1) — Failure to comply with either section of record warranty clause forfeited right to recover for loss of stock insured, regardless of waiver of other grounds of forfeiture.**

Failure to comply with either section of record warranty clause of fire policy, for taking inventory and keeping books, forfeited right to recover for loss of stock insured, regardless of waiver of other grounds of forfeiture.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by the Fort Worth Grain & Elevator Company against the German Alliance Insurance Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (257 S. W. 273), and defendant brings error. Reformed and affirmed.

Locke & Locke, of Dallas, for plaintiff in error.

J. W. Stitt, W. D. Smith, and Capps, Cartey, Hanger & Short, all of Fort Worth, for defendants in error.

BISHOP, J. Defendants in error, Fort Worth Grain & Elevator Company, a partnership, filed suit against German Alliance Insurance Company, plaintiff in error, to recover on a fire insurance policy issued by it, whereby it insured against loss by fire a stock of grain and feedstuff in the sum of $1,100, and fixed and movable machinery in the sum of $1,400, which belonged to defendants in error, who were engaged in the wholesale grain and feed business. Before the expiration of the term for which the policy was issued, the property insured was totally destroyed by fire. A trial in the district court resulted in a judgment in favor of the insured for $2,500, the sum for which policy was issued, and interest thereon. This judgment was by the Court of Civil Appeals affirmed. 257 S. W. 273.

The evidence shows that there was a transfer of an interest in the partnership business breaching the provisions of the policy, which would have the effect to prevent a recovery by the insured unless the insurance company had waived or was estopped from relying on such breach. The evidence also shows that none of the requirements of the record warranty clause contained in the policy were complied with by the insured, which provisions are as follows:

"Section 1. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and within twelve months of the last preceding inventory, if such has been taken. Unless such inventory has been taken within twelve calendar months prior to the date of this policy and, together with a set of books showing a complete record of business transacted since the taking of such inventory, is on hand at the date of this policy, one shall be taken within thirty days after the date of this policy; or in each and either case this entire policy shall be null and void.

"Sec. 2. The assured will make and prepare, in the regular course of business, from and after the date of this policy, a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and on credit, or this entire policy shall be null and void."

"Sec. 3. The assured will keep and preserve all inventories of stock taken during the current year, and also all those taken during the preceding calendar year, which are on hand when this policy is issued, and will keep and preserve all books which are then on hand, showing a record of business transacted during the current calendar year and the preceding calendar year.

"The assured will also keep and preserve all inventories taken after the issuance of this policy, and all books made and prepared after the issuance hereof showing a record of business transacted.

"The books and inventories, and each of the same, as called for above, shall be by the assured kept locked in a fireproof safe at night, and at all times when the building mentioned in the policy is not actually open for business; or, failing in this, the assured shall keep such books and inventories and each of them, in some secure place not exposed to a fire which would destroy said building; and in event of a loss or damage insured against to the personal property mentioned herein, said books and inventories, and each of the same, must be by the assured delivered to this company for examination; or this entire policy shall be null and void, and no suit or action shall be maintained herein for any such loss."

On the morning after the fire, one Buckalew, the adjuster of the insurance company, while engaged in an effort to determine whether there was liability under the policy, and, if so, the amount of loss, was informed by the insured that section 3 of said record warranty clause had not been complied with. Within a few days the insured also informed Buckalew of the transfer of interest in the partnership business. Thereafter Buckalew made a statement to one Wood that he would make no settlement with the insured, and that they "might just as well sue." Later Buckalew asked insured to obtain and furnish him further information concerning the loss, and was by insured reminded of the statement made by him to Wood. He denied that he had made any such statement, and declared that it was his intention to pay insured according to their loss, and insured relied on his statement that he intended to pay, and at his request incurred expense and devoted time in securing and furnishing further information in regard to the amount of the loss. The insured claims that, though the

terms of the policy had been violated by the transfer of an interest in the partnership, and neither of the three sections of the record warranty clause complied with, which forfeited their right to recovery, the insurance company had waived its right to insist and was estopped from insisting on forfeiture, because, with full knowledge of the facts which entitled it to rely on forfeiture, its agent and adjuster assured them that the loss would be paid and induced the insured to expend time and money in securing data to show the extent of loss.

[1, 2] While, as stated, there is evidence showing the adjuster was informed and knew that there had been a transfer of interest in violation of the terms of the policy, and that section 3 of the record warranty clause had not been complied with, there is no evidence to indicate that either the adjuster or the insurance company knew that sections 1 and 2 of the record warranty clause had not been complied with.

The burden is on the insured to show that the insurance company knew the facts which would entitle it to insist on forfeiture before they could claim that its right to so insist was waived. Here are shown four grounds, on each of which the insurance company, if not estopped, could insist on forfeiture. Its adjuster had full knowledge of two of these grounds, and so knowing, his assurance given the insured, under the facts in evidence, would estop his principal from insisting on forfeiture by reason of these two known grounds. But there were two other grounds upon which it could rely for forfeiture, of which neither it nor its adjuster was aware at the time the insured was led to believe the policy would be paid. It could not, under this state of facts, be held to have waived, nor be estopped from asserting, a ground of forfeiture of which it was ignorant.

[3-5] The fact that it was the duty of the adjuster to ascertain whether there had been any violations of the terms of the policy, together with the further fact that he knew in the two instances mentioned that there were violations, did not raise the presumption that he was aware of other instances. Nor would such presumption arise from the fact that "there was nothing in his testimony as a witness suggesting that he was ignorant of any fact connected with violations of the terms of the policy." There was no evidence either direct or circumstantial from which the court or jury could infer that the adjuster knew at the time of the alleged waiver and estoppel that either section 1 or section 2 of the record warranty clause had not been complied with. The failure to comply with either forfeited the right of the insured to recover for the loss of the stock of grain and feedstuff insured by the policy, regardless of whether other grounds of forfeiture had been waived by the insurance company. Planters' Mutual Insurance Co. v. Loyd, 67 Ark. 584, 56 S. W. 44, 77 Am. St. Rep. 136; Hartford Fire Ins. Co. v. Wright, 58 Tex. Civ. App. 237, 125 S. W. 363.

We therefore recommend that the judgments of both the district court and Court of Civil Appeals be so reformed as to allow recovery only for the loss of machinery amounting to $1,400, with interest.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reformed as recommended by the Commission of Appeals, and as reformed, affirmed.