SPRINGFIELD FIRE & MARINE INS. CO.
v. WHATLEY.  (No. 3132.)*

(Court of Civil Appeals of Texas. Texarkana.
Dec. 8, 1925.  Rehearing Denied
Dec. 24, 1925.)

1. Insurance ⬡═282(1)—Stipulation that, if insured's interest in property be other than unconditional, policy will be void, is valid.

Stipulation in fire insurance policy that it shall be void if insured's interest in property be other than unconditional is valid.

2. Insurance ⬡═378(1)—Knowledge of insurer's agent in issuing fire policy held knowledge of insurer.

Knowledge of insurance agent, in issuing fire policy, that interest of insured in property was other than unconditional, held knowledge of insurer.

3. Insurance ⬡═389(8) — Insurer chargeable with knowledge of ownership of property when issuing renewal policies.

Where insurer was chargeable with knowledge of ownership of property, through its agent, when it issued first policy, it was chargeable with same knowledge when issuing renewal policies through same agent, where it had no reason to believe that insured's relationship to property had changed.

4. Insurance ⬡═389(2)—Insurer, knowing ownership of insured is not sole and unconditional, held estopped to assert invalidity of policy.

Where insurer knew that title to dwelling house was in estate of deceased wife, and that household goods belonged to community estate of husband, and said deceased wife, it was estopped to assert that policy issued to surviving husband was void for violation of stipulation that his ownership was sole and unconditional.

5. Trial ⬡═132—Improper argument of counsel held not to require a reversal.

In suit on fire policy, improper argument of counsel, that insurer's agent insured other buildings in same condition as to title as insured's held not to require reversal, where promptly withdrawn.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by H. A. Whatley against the Springfield Fire & Marine Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The suit was by Whatley against the insurance company, on a policy issued by the latter February 22, 1923, insuring the former in the sum of $1,500 against the loss by fire before noon of February 22, 1924, of a described dwelling house in the city of Tyler, and in the sum of $800 against the loss of specified household goods. By the terms of the policy, in the absence of an agreement to the contrary indorsed thereon or added thereto, it was to be void—

"if the interest of the insured in the property be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

Such an agreement was never indorsed on, or added to, the policy, and in its answer the insurance company alleged as a defense against the recovery sought by Whatley that the dwelling house did not belong to him but to the separate estate of his deceased wife, who died intestate and left children surviving her, and that Whatley's interest therein "was not sole and unconditional," and alleged further that Whatley "did not own the ground in fee simple on which said dwelling was situated." With reference to the household goods, the insurance company alleged that they too belonged to the separate estate of Whatley's deceased wife, or, in the alternative, to the community estate between her and Whatley. The allegations of Whatley were that he was the sole and unconditional owner of the property, but, if he was not, that the insurance company—

"waived the clause in said policy providing that, in the event he was not the sole and unconditional owner that said policy should be void, and in this connection plaintiff alleges that defendant's agents were fully apprised and given full information as to the condition of the title to said property, and with full knowledge as to the condition of such title issued said policy of insurance to this plaintiff in his name and received the premium for same; wherefore plaintiff says that the defendant is estopped from claiming a forfeiture of said policy, if it should be found that plaintiff is not the sole and unconditional owner of the property covered by said insurance policy."

It appeared without dispute in the testimony heard at the trial that the land on which the dwelling house was situated belonged to the separate estate of Whatley's first wife, who died in December, 1918, and that the household goods belonged to the community estate between Whatley and his said wife, that Whatley and his said wife, with the children, lived in the dwelling house on the land, and used the property as their home for many years prior to her death, and that, after her death, until the house was destroyed by fire as stated, Whatley, first with said children and afterward with them and his second wife, continued to live in the house and use the land as a home. It further so appeared that on February 22, 1919, the insurance company, acting by Will Niblock, its agent, issued a policy insuring Whatley in the sum of $1,200 against loss before February 22, 1920, of the dwelling house by fire, and in the sum of $600 against the loss of household goods therein; and each year thereafter, to and including the year 1923, acting by said Niblock, or one of his partners, as its agent, issued a similar policy to Whatley, except that the one issued February 22, 1923,

being the one sued on, was (as before stated) for the sum of $1,500 on the dwelling house and $800 on the household goods. There was testimony the jury had a right to believe that, at the time the policy of February 22, 1919, was issued, Whatley told Niblock "that the place (quoting) then belonged to the children," that it was given to their mother by her father, and "was their home." Special issues as follows (answers as indicated) were submitted to the jury:

"(1) At the time of the issuance of the policy sued on herein, had Will Niblock been informed that the lot (with dwelling thereon) upon which the house covered by the policy sued on was situated had been given to plaintiff's deceased wife by her father and was then claimed by the children of plaintiff and his deceased wife? Answered: Yes.

"(2) At the time of the issuance of the policy in question, had Will Niblock been informed that the children by the plaintiff's deceased wife owned an interest in the personal property covered by said policy? Answered: Yes.

"(3) What was the actual market value of the personal property described in plaintiff's petition, and that was destroyed by fire, at the time and place it was destroyed? Answered: $1,200.

"(4) Was the dwelling house totally destroyed by fire as alleged? Answered: Yes."

The judgment was in Whatley's favor for $2,300, the full amount of the policy.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for appellant.

Gentry & Gentry, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). The first of the contentions presented by the propositions in the insurance company's brief, to wit, that the trial court should have instructed the jury to return a verdict in its favor, is predicted upon testimony showing conclusively that the stipulation in the policy as to the ownership of the property, set out in the statement above, was violated. We agree that it appeared without dispute in the testimony that Whatley was not the sole and unconditional owner of the property, and further that an agreement waiving the stipulation referred to was never "indorsed on or added to" the policy.

[1] The stipulation being a valid one (Ins. Co. v. Carter [Tex. Com. App.] 257 S. W. 531) it follows that the contention specified should be sustained, unless there was testimony warranting a finding that the insurance company waived it (the stipulation) in some other way. If there was such testimony, it was that referred to in the statement above showing that the agent of the insurance company was informed as to the ownership of the property February 22, 1919, when he, acting for the company, for the first time issued a policy insuring the house and goods. We think there is no doubt, had the property been destroyed during the life of that policy, and had the

suit been on that policy, the insurance company should not have been heard to deny liability because of the violation of the stipulation in question. Ins. Co. v. Carter (Tex. Com. App.) 257 S. W. 531; Ins. Co. v. Ende, 65 Tex. 123; Wagner v. Ins. Co., 92 Tex. 549, 50 S. W. 569; Ins. Co. v. Cummings, 98 Tex. 115, 81 S. W. 705.

[2-4] The debatable question, it seems to us, is one as to whether the insurance company, when it issued the policy sued upon, was chargeable with the knowledge as to the ownership of the property it obtained through its agent at the time the first one of the policies was issued. The insurance company insists that the fact, if it was a fact, that its agents knew that Whatley was not the sole owner of the property when, acting for it, they issued the policy in 1919, did not warrant a finding that it was chargeable with such knowledge when, acting by the same agents, it issued the renewal policies in 1920, 1921, 1922, and 1923. In support of its contention, the insurance company cites Kauffman v. Robey, 60 Tex. 308, 48 Am. Rep. 264; Ins. Co. v. May (Tex. Civ. App.) 35 S. W. 829; Ins. Co. v. May (Tex. Civ. App.) 43 S. W. 73; Ins. Co. v. Compress Co., 50 Tex. Civ. App. 172, 109 S. W. 1134; Ins. Co. v. Wright, 58 Tex. Civ. App. 237, 125 S. W. 363; and Ins. Co. v. Carter (Tex. Com. App.) 257 S. W. 531. We have examined each of those cases, and do not think either one of them, when its facts are considered, furnishes any support for the contention. In the case first mentioned (Kauffman v. Robey), the court stated as a reason for the rule which charges a principal with notice of "all such facts as come to his agent's knowledge, while acting within the scope of his agency," "that, when the agent is under obligation to communicate his knowledge to his employer, the latter is bound, because, if the agent has done his duty he has imparted the information, and, if he has not, the party who trusted him is the one to suffer for his neglect."

Applying the rule (and remembering the reason for it) to what the jury had a right to say were the facts of this case, there is no doubt the insurance company was chargeable with knowledge of the ownership of the property it insured when it issued the first policy in 1919. If the jury might have found that the insurance company had such knowledge, then we think they had a right to conclude from the circumstances of the case that it (the insurance company) had no reason to believe that Whatley's relationship to the property had changed when it issued the renewal policies, and a right to infer therefrom that it had such knowledge in mind when it issued said renewal policies, including the one sued upon. Ins. Co. v. Cummings (Tex. Civ. App.) 95 S. W. 48.

[5] Another contention presented by said propositions is that the judgment should be reversed because of improper argument by

one of Whatley's attorneys to the jury. The language of the attorney complained of was as follows: "Doubtless Will Niblock insured other buildings in Tyler during the last five years in the same condition as to title." It appears from the bill of exceptions that, when the attorney of the insurance company objected to the argument, the attorney who made it said he was "willing for it to be withdrawn," and that the court thereupon said: "All right then, proceed with the argument." If the argument was improper, and we think it was, because not warranted by the testimony, we think it should be assumed that the jury understood from what was said by the court that it was not to be considered by them, and that they did not consider it. In that view the unwarranted argument did not operate to the prejudice of rights of the insurance company, and therefore it ought not to be regarded as a sufficient reason why the judgment should be set aside.

The judgment is affirmed.