## FRANKLIN FIRE INS. CO. v. SHADID.
### No. 1485—6206.

Commission of Appeals of Texas, Section B.
March 14, 1934.

Leachman & Gardere and William H. Neary, all of Dallas, for plaintiff in error.

Claude Williams, of McLean, for defendant in error.

SMEDLEY, Judge.

The Court of Civil Appeals affirmed a judgment of the county court in favor of defendant in error Shadid, the insured, against plaintiff in error, Franklin Fire Insurance Company, the insurer, for damage from fire to a residence and wearing apparel. There is no statement of facts. The findings of fact and conclusions of law of the trial court are as follows:

"Findings of Fact.

"On the 25th day of February, 1930, the defendant issued its regular policy of fire insurance to W. W. Shadid in the sum of $2,500.00 insuring him against loss or damage by fire, the residence described in plaintiff's petition herein, and in the sum of $1,-

000.00 against loss or damage by fire to the household effects, including wearing apparel of the said W. W. Shadid and family; said policy contained the usual and customary provision:

" 'This entire policy shall be void if * * * interest of the insured in the property be not truly stated herein'; also

" 'This entire policy, unless otherwise provided in agreement endorsed herein or added thereto shall be void, if the interest of the insured in the property be other than unconditional and sole ownership.'

"II. That on the 25th day of February, 1930, and since 1917, and on up to the 8th day of November, 1930, the said W. W. Shadid was unmarried and lived in the house covered by the policy of insurance, and the title of which was in his name; that during all of said time there also lived in this house Ed Webba, his wife and children (Ed Webba was brother of W. W. Shadid) and two unmarried sisters of W. W. Shadid—one of whom was over 21 years of age and one under 21 years of age; that a dry goods and grocery store was operated in the name of W. W. Shadid, and all of the members of the household, except the small children of Webba, worked in the store and lived out of the store, no separate account being had of the merchandise used by the different members of the household and no separate charge being made for board, lodging or food. That prior to 1917, when the World War started an elder brother of W. W. Shadid occupied the same position with respect to the household as has W. W. Shadid since 1917; that is, he was the managing head of the household, and business, and all business was conducted in his name; all supplies, wearing apparel and other household expenses were paid by him out of the business, and when he went to the War this same position has been held by W. W. Shadid, as his brother did not return from the War.

"III. That at the time the insurance policy was taken out the said W. W. Shadid intended to insure the wearing apparel of all the members of the household, and all of the members of the household so understood, but this understanding was not communicated to the insurance company at the time the policy was written.

"IV. That on the 8th day of November, 1930, there was a fire in the house, and the damage to the house on account of this fire was $7.50; certain wearing apparel belonging to different members of the household was destroyed by the fire, the different items being as follows:

"(a) One suit of clothes of Ed Webba and clothing of his children, the total damage to these items being $81.50;

"(b) Dresses belonging to the adult sister of W. W. Shadid were destroyed and the value was $10.00;

"(c) Dresses belonging to the minor sister of W. W. Shadid were damaged, the damage being $25.00.

"V. That after the 8th day of November, and before the filing of this suit on the 26th day of Nov. A. D. 1930, the defendant denied liability under the terms of the policy for any items of damage except to the extent of $5.00 damage on the residence.

"Conclusions of Law.

"The defendant having denied liability, the plea in abatement should be overruled.

"II. W. W. Shadid was in law the head of the family, and the policy of insurance as written covered the wearing apparel of all the members of this family, which in turn included all the members of the household.

"III. If W. W. Shadid was not the head of the entire household, he was the head of the family insofar as he and his unmarried sisters were concerned, and in procuring the insurance he acted for himself and his undisclosed principal, Ed Webba, and was entitled to sue in his own name for the damage sustained by the loss of family wearing apparel of Ed Webba, Mrs. Webba and their small children."

Plaintiff in error contends that, on account of the clause providing that the entire policy shall be void if the interest of the insured in the property be other than unconditional and sole ownership, there can be no recovery; part of the property insured and lost being wearing apparel of defendant in error's brother and the brother's wife and children. The Court of Civil Appeals, in affirming the judgment of the trial court, held that defendant in error, notwithstanding said clause as to unconditional and sole ownership, could recover on the policy because in procuring the insurance he acted for himself and for his undisclosed principals, the other members of the household, applying the rule of the law of agency that an agent who acts for an undisclosed principal in making contracts becomes as to the other party to the contract the real contracting party and may sue on the contract in his own name. 45 S.W. (2d) 769.

Writ of error was granted on account of conflict between the decision of the Court of Civil Appeals and the several decisions of the Supreme Court and of other Courts of Civil Appeals, by which it is well settled that the unconditional and sole ownership clause is a valid contractual warranty, that contracts for insurance against fire are personal in their nature, that the insurer is entitled to know whose property he is insuring, and that in the absence of waiver, there may be no recovery upon a policy containing such clause when the property is not in fact solely and unconditionally owned by the insured. Winfrey v. Girard Fire & Marine Ins. Co., 120 Tex. 436, 38 S.W.(2d) 1099; National Fire Ins. Co. of Hartford v. Carter (Tex. Com. App.) 257 S. W. 531; Fireman's Fund Ins. Co. v. Wilson (Tex. Com. App.) 284 S. W. 920; St. Paul Fire & Marine Ins. Co. v. Culwell (Tex. Com. App.) 62 S.W.(2d) 100; Springfield Fire & Marine Ins. Co. v. Whatley (Tex. Civ. App.) 279 S. W. 287; U. S. Fire Ins. Co. v. Farris (Tex. Civ. App.) 297 S. W. 575; Fraser v. Rogers (Tex. Civ. App.) 56 S.W. (2d) 911; Home Fire & Marine Ins. Co. v. Swanner (Tex. Civ. App.) 57 S.W.(2d) 1130; Merchants' & Bankers' Fire Underwriters v. Williams (Tex. Civ. App.) 181 S. W. 859.

■ We are of the opinion that the decision of the Court of Civil Appeals in permitting recovery under the rule of undisclosed principal necessarily conflicts with the decisions above cited. The conclusion of the Court of Civil Appeals is that one, who insures in his own name property that he does not own, may recover for the loss of the property under the theory that in procuring the insurance he acted as agent for the true owner, the undisclosed principal, although the policy expressly provides that the entire policy shall be void if the insured is not the sole and unconditional owner of the property. Such ruling nullifies a clause of the standard fire insurance policy which, as shown by the cases above cited, repeatedly has been held valid and binding.

■ We of course recognize the general rule that both the agent and the other contracting party are bound when a contract is made by an agent for an undisclosed principal and that recovery may be had on the contract either by the agent or by the other contracting party. See Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946; Kempner v. Dillard, 100 Tex. 505, 101 S. W. 437, 123 Am. St. Rep. 822; 21 R. C. L. pp. 890–898. Such rule, however, is but a rule, and is not to be applied in direct contradiction of what the parties have expressly contracted. In the making of any contract respecting property, whether for insurance or for some other purpose, the parties may, if they so desire, expressly stipulate that the contract shall be of no effect if the property is not solely owned by one of the contracting parties. Certainly, the rule as to contracts made for undisclosed principals may not be invoked to enforce the contract in the face of such express stipulation when it develops that the property was not solely owned by the contracting party. Such contract contains in effect the solemn agreement of the contracting party that he is not acting as agent for an undisclosed principal, or that, if he is, the contract shall not be binding.

■■ The rule that one dealing with an agent who acts for an undisclosed principal is bound by the contract is not inflexible. It is subject to the exception that he is not so bound when the contract involves elements of personal trust and confidence. Otherwise the rule that one may determine for himself whom he will trust and with whom he will deal would be infracted. 21 R. C. L. p. 899. A contract for fire insurance comes within this exception, for as the authorities which have been cited hold, it is personal in its nature and the insurer is entitled to know whose property he is insuring.

It is to be noted that there is in this case no waiver of the sole and unconditional ownership clause as there was in Franklin Fire Insurance Company v. Britt (Tex. Civ. App.) 254 S. W. 215; National Fire Insurance Company of Hartford v. Carter (Tex. Com. App.) 257 S. W. 531; and Springfield Fire & Marine Insurance Company v. Whatley (Tex. Civ. App.) 279 S. W. 287.

We conclude, therefore, that the judgment of the trial court may not be affirmed on the theory that defendant in error in procuring the insurance acted for himself and for undisclosed principals.

■ The trial court concluded that defendant in error was the head of a family and that the policy of insurance as written, since it described a part of the property insured as "wearing apparel of the said W. W. Shadid and family," covered the wearing apparel of all of the members of the household.

This conclusion in our opinion is not supported by the facts.

The word "family" suggests primarily a husband and wife and their children. Howard v. Marshall, 48 Tex. 471, 477; Phillips v. Ferguson, 85 Va. 509, 8 S. E. 241, 1 L. R. A. 837, 17 Am. Rep. 78. While the term has

often been defined broadly as "a collective body of persons forming one household under one head or manager" (Words and Phrases, First Series, vol. 3, pp. 2673–2690; Second Series, vol. 2, pp. 461–466; Third Series, vol. 3, pp. 534–542; Fourth Series, vol. 2, pp. 34–36), the courts of this state in two decisions at least have expressly declined to approve that definition. Howard v. Marshall, 48 Tex. 471, 479; Wilson v. State, 104 Tex. Cr. R. 81, 282 S. W. 589.

In Whitehead v. Nickelson, 48 Tex. 517, 530, Justice Moore said: "Nor does the mere temporary and indefinite union of persons in one household, 'directing their attention to a common object, the promotion of their mutual interest and social happiness,' constitute a family, within the meaning of the Constitution."

The language quoted very nearly describes the relation of those who composed the household of defendant in error.

Most of the decisions in Texas on the subject deal with the homestead exemption, and they give the term "family" a liberal interpretation in furtherance of the generous protection afforded the homestead by the Constitution and laws of this state. In determining what constitutes a "family" within the meaning of the constitutional exemption of the homestead, the test usually applied is that there must be a legal or moral obligation on the head to support the other members and a corresponding state of dependence on the part of the other members for their support. See Roco v. Green, 50 Tex. 483; L. E. Whitham & Co. v. Briggs' Estate (Tex. Com. App.) 58 S.W.(2d) 49.

Without determining whether the term "family" as used in the policy of insurance should be given a narrower interpretation, we deem it sufficient for the disposition of this case to apply the reasonable and liberal test of the homestead exemption cases. The test is not met, because, under the facts found by the trial court, the half-brother and his family and the two sisters were not dependent upon defendant in error. Furthermore, the half-brother was the head of his own family, and the legal and moral obligation was upon him to support them. He apparently was able to care for himself, and the same is true of the two sisters. They worked in the store and earned their food and clothing. While the business was in the name of defendant in error, it was conducted by, and for the common benefit of, the several members of the household. Under

this state of facts the brother and the sisters were not defendant in error's family.

 The intention of defendant in error to insure the wearing apparel of all of the members of the household and his assertion of the right to collect for its loss do not render the policy void. The policy covered the wearing apparel of defendant in error and his family. As defendant in error had no family, no wearing apparel was insured except that which belonged to him, and it cannot be said that the wearing apparel insured was not solely and unconditionally owned by the insured.

We recommend therefore that the judgments of the trial court and the Court of Civil Appeals be reformed so as to award to defendant in error but $7.50, the amount of the damage done the house, together with interest thereon at 6 per cent. per annum from November 26, 1930, that the judgments be affirmed as reformed, and that costs in the trial courts be taxed against plaintiff in error and costs in the Court of Civil Appeals and in the Supreme Court against defendant in error.

CURETON, Chief Justice.

The judgments of the county court and Court of Civil Appeals are both reformed, and as reformed are affirmed, as recommended by the Commission of Appeals.